```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA


HERBERT ABBOTT D/B/A ABBOTT                    CIVIL ACTION
TREE PLANTING


VERSUS                                         NO: 07-454


DAVID GRAVES & OAKEY                           SECTION: "A" (4)
CLAYBORNE
```

## ORDER AND REASONS

Before the Court are **Motions to Dismiss Third Party Demand (Rec. Docs. 60 & 70)** filed by third party defendant St. Tammany Parish and a **Motion to Continue Hearing on St. Tammany Parish's Motion to Dismiss Third Party Claim of Omni Pinnacle, LLC (Rec. Doc. 67)** filed by third party plaintiff Omni Pinnaccle, LLC.  The motions, set for hearing on April 30, 2008, and May 14, 2008, are before the Court on the briefs without oral argument.

### I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Herbert R. Abbott d/b/a Abbott's Tree Planting ("Plaintiff" or "Abbott") filed this diversity action against David Graves seeking approximately $186,000.00 for services that Plaintiff contends he performed in the aftermath of Hurricane Katrina.  Plaintiff alleges that in September 2005, he communicated with Oakey Clayborne, who is an associate of defendant David Graves.  (Comp. ¶ 6).  Clayborne allegedly told Plaintiff that Graves had a contract for debris cleanup and tree trimming and removal with Omni Pinnacle in St. Tammany, Parish.  Omni Pinnacle was a

general contractor for St. Tammany Parish.  (Id. ¶ 9).  Plaintiff contends that he and Clayborne worked together for Graves to clear roads in St. Tammany Parish from September 15, 2005, until November 4, 2005, at which time Plaintiff left town because he had not been paid for some time.  (Id. ¶¶ 8, 15, 16).  Plaintiff later filed an amended complaint adding Oakey Clayborne as a defendant.  (Rec. Doc. 33).

Graves answered the lawsuit and filed a third-party demand against Omni to recover any amount for which Graves might be cast in judgment on the Abbott claim as well as all amounts due Graves under his subcontract with Omni for debris removal work in St. Tammany Parish.  (Rec. Doc. 37).  Graves seeks over $2.5 million from Omni in unpaid invoices.  (Id. ¶ 42).

Omni filed its own third party demand against St. Tammany Parish and Shaw Environmental, Inc.  Omni seeks over $16 million in unpaid invoices from the Parish.  Like Graves, Omni has chosen to use its third party to bring all of its outstanding claims against the Parish in this litigation.

## II. POTENTIALLY "RELATED" CASES

On April 2, 2008, Omni Pinnacle filed a Notice of Related Case in this matter which was clearly intended to prompt a transfer of this case to Judge Lemelle for consolidation with Civil Action 06-6075, United Disaster Response, LLC v. Omni

2

Pinnacle, LLC, et al.  The sole aspect of this case that is related to CA06-6075, is Omni's $16 million dollar third party demand against St. Tammany Parish which is identical to the cross claim that Omni filed against St. Tammany Parish in CA06-6075.

Omni filed a motion to consolidate in CA06-6075, and that motion is pending before Judge Lemelle.  Of course, consolidation cannot take place until this Court, as the transferor court, first transfers the Abbott matter to Judge Lemelle's docket.  At a status conference held on May 1, 2008, the Court expressed its hesitation to transfer this matter given that Abbott objects to the transfer/consolidation and given that the sole piece of this litigation that would justify the transfer (and thus deprive Abbott of the judge to whom his case was allotted) has virtually nothing to do with the main demand which is a single claim for payment for services rendered.  (Rec. Doc. 81).  The possibility of a severance was discussed at the conference.

Upon reading the pending motions the Court has learned of yet another related case--a case that predates Judge Lemelle's case.  In Civil Action 06-3723, Top Branch Tree Service & Landscaping, Inc. v. Omni Pinnacle, LLC, et al., a subcontractor sued Omni and St. Tammany Parish for unpaid invoices for tree removal services performed in St. Tammany Parish in the aftermath of Katrina.  Judge Barbier dismissed the entire action based on a

3

forum selection clause in the contract between Omni and the Parish, the same forum selection clause before the Court today in the Parish's motion to dismiss. In CA06-6075, Judge Lemelle reached a different conclusion regarding the forum selection clause. (CA06-6075, Rec. Doc. 28). The Parish attempted to raise the issue with the Fifth Circuit but the appellate court found that it lacked jurisdiction to review that interlocutory ruling. (CA06-6075, Rec. Doc. 85).

### III. **DISCUSSION**

The Parish's motion to dismiss the third party complaint based on the forum selection clause in the contract with Omni is GRANTED for the reasons given by Judge Barbier in CA06-3723. The Court agrees with Judge Bariber's conclusion that General Condition 33.03 establishes that the 22nd JDC is the exclusive forum for litigation arising from the contract at least insofar as the Parish is a party. (CA06-3723, Rec. Doc. 35). Judge Lemelle reached a different conclusion regarding the forum selection clause so Omni is free to pursue its claims against the Parish and Shaw Environmental in Section B including any claim that Omni has against the Parish for Abbott's unpaid invoices or for any other amounts that Omni is found to owe Graves. As noted above, those claims are currently pending in Section B before Judge Lemelle.

Given that Omni's claims against St. Tammany Parish and Shaw Environmental are being dismissed from this action, consolidation of this matter with the Section B case would not serve judicial economy and would only serve to delay an adjudication as to Abbott's claim.  Therefore, the motion to continue hearing filed by Omni is DENIED.

In sum, this matter will proceed as to Abbott's claims against Graves and Clayborne and as to Graves's third party demand against Omni.  Graves has asserted claims against Omni beyond the scope of the main demand but FRCP 18(a) specifically allows a third party plaintiff to join with the derivative demand independent claims against the opposing party.  The Court remains open, however, to the prospect of severing Graves's claims against Omni from the main demand pursuant to FRCP 21.  The previously scheduled status conference set for **June 19, 2008, at 2:00 p.m.** will proceed with counsel for the remaining parties.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion to Dismiss Third Party Claim of Omni Pinnacle, LLC (Rec. Doc. 60)** filed by St. Tammany Parish is **GRANTED**.  Omni's third party complaint against St. Tammany Parish and Shaw Environmental is **DISMISSED** without prejudice;

**IT IS FURTHER ORDERED** that the **Motion to Dismiss Third Party**

**Claim of Omni Pinnacle, LLC (Rec. Doc. 70)** filed by St. Tammany Parish is **DENIED** as moot;

**IT IS FURTHER ORDERED** that the **Motion to Continue Hearing (Rec. Doc. 67)** filed by Omni Pinnacle, LLC is **DENIED** as moot.

June 5, 2008

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE