UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **HERBERT R. ABBOTT d/b/a ABBOTT'S TREE PLANTING** | **CIVIL ACTION** |
| **VERSUS** | **NO:   07-0454** |
| **DAVID GRAVES, ET AL.** | **SECTION: "A" (4)** |

### ORDER

Before the Court is an unopposed **Motion For Contempt and Sanctions (R. Doc. 167)**, filed by the Plaintiff, Herbert R. Abbott d/b/a Abbott's Tree Planting, seeking an Order holding the Defendant, Okey Clayborne,[1] in contempt for his alleged failure to comply with this Court's Order. (R. Doc. 158).  The motion was heard without oral argument on November 5, 2008.

### I.     Background

This breach of contract and unjust enrichment action arises under the Court's diversity jurisdiction.  (R. Doc. 1).  In the subject action, the Plaintiff, Herbert R. Abbott ("Abbott") alleges that in mid-September of 2005, he learned that David Graves ("Graves") had a contract with Omni Pinnacle ("Omni") for debris cleanup and tree trimming and removal in St. Tammany Parish, Louisiana.  (R. Doc. 1).  According to Abbott, Omni was a general contractor for debris cleanup in St. Tammany.  (R. Doc. 1).  Defendant, Okey Clayborne ("Clayborne"), was employed as one of Graves's subcontractors.  (R. Doc. 33).

---

[1] Mr. Clayborne is incorrectly named as "Oakey Clayborne" in many of the pleadings. He will be referred to herein as Okey Clayborne.

Abbott asserts that Graves guaranteed him at least twelve weeks of work and compensation to clean local and state highways in St. Bernard Parish, Louisiana after Hurricane Katrina, if Abbott came from North Carolina to Louisiana with his equipment.  (R. Doc. 1).  Based on their "agreement," Abbott alleges that he brought a crew of nine individuals, including: a licensed tree surgeon; seven trucks and trailers; a tractor and skid steer with grapples; two campers, as living quarters; chain saws; and other equipment to perform the work.  (R. Doc. 1).  Abbott contends that, from September 15, 2005 through November 4, 2005, he removed fallen or leaning trees and hanging branches from the right of way "each day."  (R. Doc. 1).  He further alleges that by November 4, 2005, he had not been paid for some time and left Louisiana.  Thus, he contends that an unpaid balance of $186,085.17 remains for his services.  (R. Doc. 1).  Abbott alleges that he has since filed a material and labor lien in St. Tammany.  (R. Doc. 1).

In his First Amended Complaint, Abbott avers that Clayborne withheld, misrepresented, and/or concealed information to his detriment.  (R. Doc. 33).  He further asserts that Clayborne failed to remit funds which rightfully belonged to him.  (R. Doc. 33).  Thus, Abbott maintains that Graves is Clayborne's alter ego, because Graves purportedly had "supervision and control" over him when he failed to tender payment for Abbott's services.  (R. Doc. 33).  He claims that Graves is attempting to make Clayborne responsible for compensating him, notwithstanding the fact that Clayborne lacks the sufficient means to do so.  (R. Doc. 33).

During the course of the litigation, Abbott propounded written discovery upon Clayborne on July 23, 2008.  (R. Doc. 148-2).  Thereafter, on August 29, 2008, Abbott filed a Motion To Compel Discovery based upon Clayborne's failure to respond to the discovery requests.  (R. Doc. 148).  The Court granted the motion as unopposed on September 29, 2008 and ordered Clayborne

to provide full and complete responses to Abbott's Interrogatories and Requests For Production no later than 15 days from the signing of the order. (R. Doc. 158). Accordingly, Clayborne's responses were due by October 14, 2008.

On October 21, 2008, Abbott filed the instant Motion For Contempt and Sanctions, based on Clayborne's persistent failure to provide his outstanding discovery responses. (R. Doc. 167). To date, Clayborne has yet to respond. Accordingly, Abbott urges the Court to issue sanctions against Clayborne by: (1) striking his pleadings; (2) rendering a default judgment against him; (3) ordering an award of attorney's fees and costs; and/or (4) imposing any lesser sanction that the Court deems more appropriate. (R. Doc. 167).

## II.   **Standard of Review**

Pursuant to Federal Rule of Civil Procedure ("Rule") 37(b)(2)(A), a court may treat as contempt of court a party's failure to obey an order to provide or permit discovery. FED.R.CIV.P. 37(b)(2)(A)(vii). Rule 37(b)(2)(A) further provides:

> If a party . . . fails to obey an order to provide or permit discovery . . . the court in where the action is pending may issue further just orders. They may include the following:
>
> > (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
> >
> > (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
> >
> > (iii) striking pleadings in whole or in part;
> >
> > (iv) staying further proceedings until the order is obeyed;
> >
> > (v) dismissing the action or proceeding in whole or in part; or

>     (vi) rendering a default judgment against the disobedient party;

FED.R.CIV.P. 37(b)(A)(i)-(v).

Civil contempt vindicates the rights of aggrieved persons under valid court orders. *Louisiana Ed. Ass'n v. Richland Parish Sch. Bd.*, 421 F.Supp. 973, 975 (D.C. La. 1976). It is well-settled that a party seeking an order of civil contempt must establish by clear and convincing evidence that: (1) a court order was in effect; (2) the order required certain conduct by the respondent; and (3) the respondent failed to comply with the court's order. *Piggly Wiggly Clarksville, Inc. v. Mrs. Baird's Bakeries*, 177 F.3d 380, 382 (5th Cir. 1999). A party commits contempt by violating a definite and specific order of the court which requires him or her to perform or refrain from performing a particular act or acts with knowledge of the court's order. *Id.* (internal citations omitted).

"A civil contempt sanction is coercive rather than punitive and is intended to force a recalcitrant party to comply with a command of the court." *Whitfield v. Pennington*, 832 F.2d 909, 913 (5th Cir. 1987). However, civil contempt can serve two different purposes: (1) it can enforce, through coerciveness, compliance with a court's order; or (2) it can be used to compensate a party who has suffered unnecessary injuries or costs because of the contemptuous conduct. *Petroleos Mexicanos*, 826 F.2d 392, 400 (5th Cir. 1987). Nonetheless, the court may exercise its power with discretion, and some courts have held that the power should be used sparingly. *Richland Parish*, 421 F.Supp. at 975.

### III.   Analysis

Abbott argues that Clayborne should be held in contempt and sanctioned for: (1) failing to acknowledge service of the Complaint; (2) failing to respond to Abbott's written discovery; and (3) not complying with this Court September 29, 2008 Order, which compelled Clayborne to respond

to the outstanding discovery within a specified time-frame.  Abbott further alleges that Clayborne's actions "are willful," and he insists that Clayborne's failure to respond has prevented him from adequately protecting his interests in this matter.  According to Abbott, the record clearly reflects Clayborne's recalcitrance and uncooperative behavior.  Therefore, he requests that the Court "impose the most severe sanction" of striking Clayborne's pleadings and entering a default judgment against him. Clayborne did not file any responsive pleading to this motion.

In the Fifth Circuit, a judgment by default for violation of a discovery order is appropriate if: (1) the refusal to comply results from bad faith or willfulness and is accompanied by delay or contumacious conduct; and (2) a less drastic sanction would not achieve the same result.  *See Smith v. Smith*, 145 F.3d 335, 344 (5th Cir. 1998).  A decision to strike a party's pleadings generally arises where the party's conduct amounts to a flagrant, callous disregard for its responsibilities.  *McLeod, Alexander, Powel & Apffel, P.C.  v. Quarles*, 894 F.2d 1482, 1486 (5th Cir. 1990).  However, a fine for civil contempt may be appropriate to compensate petitioner for actual damages shown or to compel contemnor to comply with court order.  *NASCO, Inc. v. Calcasieu Television & Radio, Inc.*, 583 F.Supp. 115, 122 (D.C. La. 1984).

The September 29thOrder issued by the undersigned clearly and unambiguously required Clayborne to provide his discovery responses no later than 15 days from the signing of the Order, *i.e.*, by October 14, 2008.  This obligation arose as a direct consequence of Clayborne's failure to timely respond to Abbott's discovery requests and/or to request additional time within which to craft an appropriate response.  The critical purpose of the Order was to ensure that Abbott promptly received full and complete responses to the previously propounded written discovery.  Clayborne's failure to respond amounts to a violation of this Court's order, and as such the Court finds that

Clayborne should be held in civil contempt.

The Court next notes that more than two months have passed since this Court issued its September 29th Order. Nonetheless, Clayborne has failed to provide any explanation for his failure to respond to a clear mandate of the Court and has yet to demonstrate any mitigating circumstances: (1) that might cause this Court to withhold the exercise of its contempt power; or (2) to prove his substantial compliance with the Order. *Whitfield*, 832 F.2d at 914. In fact, Clayborne has not asserted any position at all regarding the outstanding discovery; he did not file an opposition to the instant motion. Upon examination of the docket, the Court further determines that the only pleading Clayborne has filed in this matter is his Answer and Defenses (R. Doc. 96), which was filed exactly six months ago. Thus, to date, Abbott has not received any communication or discovery responses from Clayborne, and the trial is fast approaching.[2]

While the Court finds Clayborne's behavior worthy of sanctions and an order of civil contempt, the undersigned remains unpersuaded by Abbott's insistence that Clayborne's failure to respond to service and to the discovery requests rises to the level of bad faith, callous disregard, or willfulness that is typically required for the entry of default and/or the striking of a party's pleadings. Other than the allegations set forth by Abbott, there is scant evidence that Clayborne's failure to provide the responses was the result of a bold and outright refusal to comply with the Court's Order. Furthermore, this case did not involve multiple violations of Court orders or "abusive discovery tactics." *See, e.g., McLeod*, 894 F.2d at 1486. Rather, Clayborne failed to comply with a single Order of the Court. Hence, in exercising its discretion, the Court is of the opinion that a lesser form of sanctions will suffice in the instant case. Therefore, the Court orders Clayborne to reimburse

---

[2] Trial is set to commence on January 29, 2008.

Abbott for all costs and attorneys fees occasioned by his contemptuous conduct.

**IV.     Conclusion**

Accordingly,

**IT IS ORDERED** that Herbert R. Abbott's **Motion For Contempt and Sanctions (R. Doc. 167)** is hereby **GRANTED.** Okey Clayborne is ordered to pay Abbott's attorney's fees and the costs associated with the filing of this motion.

**IT IS FURTHER ORDERED** that Abbott shall file a motion to fix attorney's fees into the record by **Friday, December 19, 2008**, along with: (1) an affidavit attesting to its attorney's education, background, skills, and experience; (2) sufficient evidence of rates charged in similar cases by other local attorneys with similar experience, skill, and reputation and; (3) the documentation required by Local Rule 54.2.  Any opposition to the fee application shall be filed no later than **Friday, December 26, 2008.**  Abbott shall notice the motion to fix attorney's fees for hearing on **Wednesday, December 31, 2008** and the motion shall be heard on that date **without oral argument**.

New Orleans, Louisiana, this 12th day of December 2008

_____
**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**