UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| HERBERT R. ABBOTT d/b/a "ABBOTT'S TREE PLANTING" | CIVIL ACTION |
|---|---|
| VERSUS | NO: 07-0454 |
| DAVID GRAVES | SECTION: "A" (4) |

### ORDER

Before the Court is an unopposed **Motion to Fix Attorney's Fees and Costs** (**R. Doc. 160**) filed by the Plaintiff, Herbert R. Abbott d/b/a Abbott's Tree Planting ("Abbott"), in compliance with the Court's Order **(R. Doc. 158)**, which granted as unopposed Abbott's Motion To Compel Discovery (R. Doc. 148). The motion was heard without oral argument on Wednesday, October 15, 2008.

**I.     Factual Summary**

Defendant, Okey Claiborne ("Claiborne"), has been ordered to comply with Interrogatories and Requests for Production of Documents issued by Abbott in compliance with Federal Rules of Civil Procedure ("Rules") 33 and 34, but failed to do so. As a result, Abbott filed a Motion to Compel Discovery (R. Doc. 148), which was granted by the undersigned on September 30, 2008. The Court ordered the award of attorney's fees and costs in connection with the Claiborne's failure to comply. Abbott now seeks an award of $400.00 in attorneys fees and costs for filing the Motion to Compel and $200.00 for the Motion to Fix Attorney's Fees and Costs.

Abbott filed a **Motion to Fix Attorney's Fees and Costs** (**R. Doc. 160)** and attached an affidavit by its lead counsel, Ernest A. Burguieres, III ("Burguieres"). Burguieres failed to append

a time report, which, presumably should have been taken contemporaneously with the rendering of legal services. However, Abbott includes this information in the body of its motion. (*See* R. Doc. 160, p. 1). In Burguieres's affidavit, he itemized the services that he rendered in connection with Abbott's motion to compel and motion to fix attorney's fees. Claiborne did not file an opposition to the motion.

In total, Burguieres seeks the recovery of $600.00 in attorney's fees. Based on the materials submitted by Abbott regarding the time expended on the motions, Burguieres worked 3.0 hours at a rate of $200.00, for a resulting total of $600.00.

## II. **Standard of Review**

The Supreme Court has indicated that the "lodestar" calculation is the "most useful starting point" for determining the award of attorney's fees. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The lodestar equals "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Id*. The lodestar is presumed to yield a reasonable fee. *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995). After determining the lodestar, the court must then consider the applicability and weight of the twelve factors set forth in *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974)[1]. The court can make upward or downward adjustments to the lodestar figure if the *Johnson* factors warrant such modifications. *See Watkins v. Fordice*, 7 F.3d 453 (5th Cir. 1993). However, the lodestar should be modified only in exceptional cases. *Id.*

---

[1] The twelve *Johnson* factors are (1) the time and labor involved; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal services properly; (4) the preclusion of other employment by the attorney due to this case; (5) the customary fee; (6) whether fee is fixed or contingent; (7) time limitations; (8) the amount involved and results obtained; (9) the experience, reputation and ability of counsel; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *See Johnson*, 488 F.2d at 717-719.

After the calculation of the lodestar, the burden then shifts to the party opposing the fee to contest the reasonableness of the hourly rate requested or the reasonableness of the hours expended "by affidavit or brief with sufficient specificity to give fee applicants notice" of the objections. *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990).

### III.    Analysis

#### A.    Calculating a Reasonable Hourly Rate

Attorney's fees must be calculated at the "prevailing market rates in the relevant community for similar services by attorneys of reasonably comparable skills, experience, and reputation." *Blum v. Stenson*, 465 U.S. 886, 895 (1984). The applicant bears the burden of producing satisfactory evidence that the requested rate is aligned with prevailing market rates. *See NAACP v. City of Evergreen,* 812 F.2d 1332, 1338 (11th Cir. 1987). Satisfactory evidence of the reasonableness of the rate necessarily includes an affidavit of the attorney performing the work and information of rates actually billed and paid in similar lawsuits. *Blum*, 465 U.S. at 896 n. 11. However, mere testimony that a given fee is reasonable is not satisfactory evidence of a market rate. *See Hensley*, 461 U.S. at 439 n. 15.

Rates may be adduced through direct or opinion evidence as to what local attorneys charge under similar circumstances. The weight to be given to the opinion evidence is affected by the detail contained in the testimony on matters such as similarity of skill, reputation, experience, similarity of case and client, and breadth of the sample of which the expert has knowledge. *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292 (11th Cir. 1988); *see also White v. Imperial Adjustment Corp.*, No. 99-03804, 2005 WL 1578810, at *8 (E.D. La. Jun. 28, 2005) (recognizing that attorneys

3

customarily charge their highest rates only for trial work, and lower rates should be charged for routine work requiring less extraordinary skill and experience).

Where "an attorney's customary billing rate is the rate at which the attorney requests the lodestar to be computed and that rate is within the range of prevailing market rates, the court should consider this rate when fixing the hourly rate to be allowed. When that rate is not contested, it is *prima facie* reasonable." *La. Power & Light*, 50 F.3d at 328.

Here, Abbott seeks the recovery of $600.00 in attorney's fees for 3.0 hours of work by its counsel, Burguieres, at an hourly rate of $200.00. In support of the hourly rate, Abbott submits the affidavit of its attorney, Burguieres.

According to Burguieres's affidavit, he is a licensed attorney and has been practicing in federal court for the past 28 years. (R. Doc. 160-4, ¶ 2). He avers that he is employed as counsel for Abbott, d/b/a Abbott's Tree Planting, and attests that the fees sought were incurred by Abbott in connection with the filing of the underlying discovery motion. Burguieres certifies that he charges an hourly rate of $200.00 for his legal services and that the rate is reasonable. (R. Doc. 160-4 ¶ 3).

After considering Burguieres's approximate 28 years of legal experience and hourly rate of $200.00, the Court finds that the requested rate is within the range of the prevailing market rates previously found by this Court and by other courts in this District. *Davis v. Am. Sec. Ins. Co.*, Civ. A. 07-1141, 2008 WL 2228896 (E.D. La. May 28, 2008) (Roby, J). (awarding hourly rates of $125.00 for an attorney with one (1) year of legal experience and $150.00 for an attorney with twenty-four (24) years of legal experience); *Creecy v. Metro. Prop. and Cas. Ins. Co.*, Civ. A. 06-9307, 2008 WL 553178, at *3 (E.D. La. Feb. 28, 2008) (Roby, J). (awarding a $175.00 an hour

4

to a lawyer who had practiced law for five (5) years and $200.00 an hour to an attorney with eleven (11) years of experience); *Drs. Le and Mui, Family Med. v. St. Paul Travelers*, Civ. A. 06-10015, 2007 WL 4547491, at *2-3 (E.D. La. Dec. 19, 2007) (Roby, J) (awarding hourly rates of $175.00 to an attorney with seven (7) years of legal experience and $200.00 for an attorney with eleven (11) years of experience).

The Court finds that Burguieres's proposed fees are aligned with the legal rates typically charged in a routine discovery dispute. Thus, after reviewing the prevailing market rates for legal services in this area from the case law for work on standard motions to compel, the Court concludes that a rate of $200.00 is appropriate and reasonable for Burguieres's work in this matter.

### B.      **Determining the Reasonable Hours Expended**

The party seeking attorney's fees bears the burden of establishing the reasonableness of the fees by submitting adequate documentation and time records of the hours reasonably expended and proving the exercise of "billing judgment." *Wegner v. Standard Ins. Co.*, 129 F.3d 814, 822 (5th Cir.1997); *Walker,* 99 F.3d at 770. Attorneys must exercise "billing judgment" by excluding time that is unproductive, excessive, duplicative, or inadequately documented when seeking fee awards. *Id.* (citing *Walker v. United States Dep't of Hous. & Urban Dev.,* 99 F.3d 761, 769 (5th Cir.1996)). Specifically, the party seeking the award must show all hours actually expended on the case but not included in the fee request. *Leroy v. City of Houston*, 831 F.2d 576, 585 (5th Cir. 1987). Hours that are not properly billed to one's client also are not properly billed to one's adversary. *Hensley*, 461 U.S. at 434. The remedy for failing to exercise billing judgment is to reduce the hours awarded as a percentage and exclude hours that were not reasonably expended. *Id.* Alternatively, this Court

can conduct a line-by-line analysis of the time report. *See Green v. Adm'rs of the Tulane Educ. Fund*, 284 F.3d 642 (5th Cir. 2002).

Here, Burguieres makes no indication as to whether he exercised billing judgment by omitting various entries from the billing request. Ultimately, Abbott's motion to compel was not a motion to test the sufficiency of the Plaintiffs' discovery responses. Abbott propounded written discovery upon Claiborne, and he did not answer. The motion was not difficult nor did it involve novel or unique issues of law or fact. Rather, it was simply a standard motion to compel responses that were required under the Rules.

In light of the routine nature of the motion, the Court looks to the reasonableness of Burguieres's work on the motion. Burguieres billed a total of 2.00 hours for drafting the motion to compel and the associated memorandum in support. The Court notes that the motion consists of one paragraph, and the accompanying memorandum, minus the caption, header, and signature line, is at most, less than one page in length. The Court therefore concludes that 2.0 hours is excessive, and reduces the hours expended to 1.00 hour.

Burguieres next entry is for 1.00 hour of time expended in connection with the motion to fix attorneys fees and costs. The substantive portion motion to fix attorney's fees consists of one page of text which primarily consists of data directly from the time entry report. Furthermore, the affidavit contains largely factual information about Burguieres's personal work experiences and qualifications. Finally, the order is a standard form order. Nonetheless, the Court finds that 1.00 hours is a reasonable figure for the work performed in drafting the motion, affidavit, and order. In sum, the Court awards Abbott $400.00 in legal fees for a total of 2.0 hours for the time spent by Burguieres on the above-mentioned motions and associated parts.

### C. Adjusting the Lodestar

As indicated above, after the lodestar is determined, the Court may then adjust the lodestar upward or downward depending on the twelve factors set forth in *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714, 717-19 (5th Cir. 1974). To the extent that any *Johnson* factors are subsumed in the lodestar, they should not be reconsidered when determining whether an adjustment to the lodestar is required. *Migis v. Pearle Vision, Inc.,* 135 F.3d 1041, 1047 (5th Cir. 1998). The Court has carefully considered the *Johnson* factors and concluded that they do not warrant an upward or downward departure here. The Court has already considered the *Johnson* elements in its line-by-line determination of the lodestar. Therefore, the Court awards Abbott a total of $400.00 for 2.00 hours spent by Burguieres at an hourly rate of $200.00 for his work performed on the motions.

### IV. Conclusion

Accordingly,

**IT IS ORDERED** that Herbert R. Abbott, d/b/a Abbott's Tree Planting's **Motion to Fix Attorneys Fees and Costs** (**R. Doc. 160**) is hereby **GRANTED**. The Court finds that a total fee of **$400.00** is reasonable in the matter here.

**IT IS FURTHER ORDERED** that Okey Claiborne shall satisfy his obligation Abbott no later than **twenty (20) days** from the issuance of this Order.

New Orleans, Louisiana, this 13th day of February 2009

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**